UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Teresa Tysinger,**

    **Plaintiff,**

    v.                                                    Case No. 2:01-cv-1210
                                                           Judge Smith
**Police Department of the**                              Magistrate Judge King
**City of Zanesville, Ohio,**

    **Defendant.**

## ORDER

Plaintiff, Teresa Tysinger, brings the present action against her employer, Police Department of the City of Zanesville, alleging employment discrimination under federal and state law. Specifically, plaintiff alleges defendant discriminated against her because of her pregnancy, a form of sex discrimination, in violation of 42 U.S.C. § 2000e(2)(a)(1) and 42 U.S.C. § 2000e(k). Defendant moves for summary judgment on the sex discrimination claim. For the following reasons, the Court **GRANTS** defendant's motion on grounds other than those offered by defendant.

### I. INTRODUCTION

**A. Facts**

The City of Zanesville Police Department ("Department") hired plaintiff on September 8, 1992. Since that date, plaintiff has worked as a patrol officer for all periods of active duty. In August 2000, plaintiff discovered she was pregnant and informed her superior officers, Acting Chief Michael Baker and Captain Eric Lambes, of her pregnancy shortly thereafter. During their

initial conversation, plaintiff asked to be reassigned to a position within the department that would eliminate the dangerous aspects of her job as a patrol officer.  She was primarily concerned for her safety as well as that of her unborn child.  Plaintiff believed that some physical aspects of her job, such as pushing vehicles or fighting with suspects, posed a danger both to her and her unborn child.  Plaintiff suggested some positions that would accommodate her needs as a pregnant woman.  However, plaintiff maintains that at no point during the discussion did she request a "light duty" position.  After the conversation with her superior officers, the Department neither reassigned plaintiff to another position nor removed her from active duty as a patrol officer.

On September 20, 2000, plaintiff's physician advised her that she should not perform her duties as a patrol officer.  The physician's main concern was the risk to plaintiff's health and safety or that of her unborn child.  Plaintiff also received a doctor's order to present to her superior officers limiting her to "light duty" work.

Plaintiff presented the order to the Department.  Defendant responded by informing plaintiff that no "light duty" position existed within the Department for any personnel for any reason.  Defendant also told plaintiff that if she were unable to perform all of her required duties she would be removed from the active duty roster.  The ability to perform all of the required duties, defendant stated, is part of the patrol officer's job description.  All Zanesville police officers are subject to the rule.  In this regard, defendant also maintains it never endorsed an official or unofficial policy of providing "light duty" work to patrol officers temporarily unable to perform their duties.

Since plaintiff made it clear that she could not fully perform her duties because of her

pregnancy, defendant removed plaintiff from the active duty roster. Defendant informed her that she could return to work when she was again able to perform all of her duties. After exhausting all of her sick time and vacation time, plaintiff was forced to take unpaid leave. In June 2001, plaintiff returned to work as a patrol officer after recovering from a complicated pregnancy.

**B. Procedural History**

On September 2, 2003, defendant filed a motion for summary judgment (Doc. 18), which the Court treated as a motion for summary judgment only on the pregnancy discrimination claim. The Court granted the motion (Doc. 34). Defendant subsequently moved the Court to reconsider its decision that plaintiff had asserted both pregnancy and sex discrimination claims, or in the alternative to grant defendant leave to file a second motion for summary judgment addressing the sex discrimination claim (Doc. 35). The Court granted leave and will now consider this second motion on the sex discrimination claim.

## II. STANDARD OF REVIEW

The standard governing summary judgment is set forth in Fed. R. Civ. P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate,

however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the court must draw all reasonable inferences in favor of the nonmoving party, and must refrain from making credibility determinations or weighing the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).[1] A court must disregard all evidence favorable to the moving party that a jury would not be required to believe. Id. Stated otherwise, a court must credit evidence favoring the nonmoving party as well as evidence favorable to the moving party that is uncontroverted or unimpeached, if it comes from disinterested witnesses. Id.

Thus, the Sixth Circuit Court of Appeals has recognized that Liberty Lobby, Celotex, and Matsushita have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1476 (6th Cir. 1989). The court in Street identified a number of important principles applicable to summary judgment practice as a result of this 'decided change.' For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. Id. at 1479.

Additionally, in responding to a summary judgment motion, the nonmoving party

---

[1] Reeves involved a motion for judgment as a matter of law made during the course of a trial under Fed. R. Civ. P. 50 rather than a pretrial motion for summary judgment under Fed. R. Civ. P 56. Nonetheless, the standards applying to both types of motion are substantially the same. One notable difference, however, is that in ruling on a motion for judgment as a matter of law, the court, having already heard the evidence admitted during trial, considers the record in its entirety. Reeves, 530 U.S. at 150. This stands in contrast to the procedure for deciding summary judgment in that a District Court will not have heard all the evidence. Accordingly, the non-moving party has an affirmative duty to point out those portions of the paper record upon which it relies in asserting a genuine issue of material fact; a court need not comb the paper record for the benefit of the moving party. In re Morris, 260 F.3d 654, 665 (6th Cir. 2001). As such, Reeves did not introduce a "heightened" standard of review for summary judgment motions.

"'cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street at 1479 (quoting Liberty Lobby, 477 U.S. at 257). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. Street at 1479. It is not sufficient for the nonmoving party merely to "'show that there is some metaphysical doubt as to the material facts.'" Street at 1479 (quoting Matsushita, 475 U.S. at 586). Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." Id. at 1479-80. That is, the nonmoving party has an affirmative duty to direct a court's attention to those specific portions of the record upon which it seeks to rely in creating a genuine issue of material fact. In re Morris, 260 F.3d 654, 665 (6th Cir. 2001).

### III. ANALYSIS

After considering the briefs submitted on the separate sex discrimination claim, and carefully reexamining the complaint, the Court is of the opinion that the only claim plaintiff has alleged under Title VII is one of pregnancy discrimination.[2] Pregnancy discrimination is a form of sex discrimination for Title VII purposes. 42 U.S.C. § 2000e(k). Besides pregnancy discrimination, sex discrimination can take many other forms, such as terminating an employee on account of their gender. See e.g., Laderach v. U-Haul of Northwestern Ohio, 207 F.3d 825 (6th Cir. 2000). However, plaintiff has failed to allege any of these other types of sex

---

[2] This is contrary to the Court's previous ruling that a separate sex discrimination claim was asserted (Doc. 36). The Court originally decided to give plaintiff the benefit of the doubt in this regard. However, after carefully considering the briefs submitted in the context of what is alleged in the complaint, the Court concludes plaintiff has fallen well short of asserting a separate sex discrimination claim.

5

discrimination claims separate and apart from the pregnancy claim. For example, plaintiff has not alleged any other adverse employment actions besides the failure to accommodate her employment needs after becoming pregnant and taking her off the patrol officer active duty list. Defendant's alleged refusal to give plaintiff a detective position or a position at the impound lot were offered by plaintiff to prove that defendant failed to accommodate her.

Therefore, the Court has decided not to construct a separate sex discrimination claim out of the complaint. Plaintiff has not specifically alleged a separate claim, but rather has only spoken generally of sex discrimination in the context of her specific pregnancy discrimination claim. Simply stated, nowhere in the complaint does plaintiff specifically allege she was discriminated against because of her gender in a form other than relating solely to her pregnancy.

## IV. DISPOSITION

For all of the foregoing reasons, the Court **GRANTS** defendant's motion for summary judgment on all of plaintiff's claims. Plaintiff's claims are hereby dismissed with prejudice.

The Clerk shall enter final judgment in defendant's favor, and against plaintiff, dismissing all of plaintiff's claims with prejudice.

The Clerk shall remove Doc. 40 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

/s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
United States District Court